UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION




******************************************************************************

| | | |
|---|---|---|
| AT&T COMMUNICATIONS OF THE MIDWEST, INC., Plaintiff, | * | CIV. 07-3004 |
| -vs- | * | ORDER AND OPINION |
| QWEST CORPORATION, Defendant. | * | |

******************************************************************************

Before the court is the motion (Doc. 9) of defendant Qwest Corporation ("Qwest") to dismiss this action, the motion being brought pursuant to Fed.R.Civ.P. 9. Plaintiff AT&T Communications of the Midwest, Inc. ("AT&T") resists the motion. Qwest argues that AT&T may not avoid the two-year statute of limitations contained in 47 U.S.C. §415, a part of the Telecommunications Act of 1996 ("the Act"). There is no question that, if this action is governed by the federal statute of limitations, the motion to dismiss should be granted. If this action is governed by the South Dakota statute of limitations, the motion should be denied.

AT&T does not attempt in this action to recover under any interconnection agreement with Qwest. There is no attempt to recover damages for anything other than intrastate charges. There is no claim for breach of contract or unjust enrichment as to Qwest. AT&T relies solely on a South Dakota statute that has been "on the books" since 1939, with amendments, however. SDCL 49-31-11 provides, in part, that it is unlawful for any telecommunications company (which would include Qwest) to

> " . . . unjustly or unreasonably discriminate between persons in providing telecommunications services or in the rate or price charged for those services. No telecommunications company may offer a rate or charge, demand, collect or receive from any person a greater or lesser compensation for any telecommunications service offered than it charges, demands, collects or receives from any other person for providing a like telecommunications service. No telecommunications company may make or give any unjust or unreasonable preference or advantage to any person, nor unjustly or unreasonably prejudice or disadvantage any person, in the provision of any telecommunications service."

AT&T claims that Qwest violated this statute and is liable to AT&T for doing so.

Both parties have submitted decisions from other state courts and one from the District of Nebraska. I have read the cases but do not find them particularly helpful in deciding the motion. This is not to say that counsel for both sides have not carefully and comprehensively briefed the issues. They have done so.

The essence of the motion to dismiss is that Qwest would have no obligations at all except as arising under the Act. The Act should have been called An Act to Stir up Unending Litigation in Federal Courts. It must be second only to ERISA. Qwest argues that the South Dakota statute (as well as the applicable South Dakota statute of limitations as applied) are effectively preempted by the Act. Qwest claims in effect that it has no obligation to comply with the quoted South Dakota statute. That, of course, is an interesting proposition. Questions of federal preemption are not answered easily. We know there are "three flavors" of preemption. They are often fact intensive.

This court would not wish to in effect nullify South Dakota statutes in connection with dismissing an action in federal court. There is something inherently wrong with that procedure. The motion to dismiss is, at a minimum, a collateral attack on South Dakota statutes. The South Dakota Attorney General or the Public Utilities Commission of the State of South Dakota or both might wish to be heard before this court launches into such

waters. As a matter of courtesy and respect, this court would want to allow such parties to be heard before nullifying state laws. This is probably not required directly by SDCL 15-6-24(c). "When the constitutionality of an act of the Legislature affecting the public interest is drawn in question in any action to which the state or an officer, agency or employee of the state is not a party, the party asserting the unconstitutionality of the act shall notify the attorney general thereof within such times as to afford him the opportunity to intervene."

The motion to dismiss should be denied.

Now, therefore,

IT IS ORDERED that the motion to dismiss (Doc. 9) is denied.

Dated this 30th day of March, 2007.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: ______________ DEPUTY
(SEAL)